796 So.2d 1 (2000)
STATE of Louisiana
v.
Kentrail TONEY.
No. 99-KA-1574.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 2000.
Writ Denied November 16, 2001.
*4 Harry F. Connick, District Attorney, Jane L. Beebe, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III and Judge Pro Tem. PHILIP C. CIACCIO).
ARMSTRONG, Judge.

STATEMENT OF CASE
On May 6, 1998, the defendant, Kentrail Toney, was charged by bill of information with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 and possession of heroin in violation of La. R.S. 40:966. The defendant pled not guilty to both counts at his arraignment on May 11, 1998. Motion hearings were held on May 22, 1998 and May 27, 1998. The trial court denied the defendant's motions to suppress statement and evidence and found probable cause. On September 17, 1998, the trial court severed the counts for trial. The State proceeded to trial on the charge of possession of heroin. After a jury trial, the defendant was found guilty as charged. The State filed a multiple bill of information on September 24, 1998. The defendant pled guilty to the bill, and the trial court adjudicated the defendant to be a second felony offender. The trial court then sentenced the defendant to serve ten years at hard labor without benefit of probation or suspension of sentence. The trial court denied the defendant's motion to reconsider sentence. The defendant's motion for appeal was granted and a return date of November 23, 1998, was set. On the same date, the defendant pled guilty to the charge of possession of a firearm by a convicted felon. The trial court then sentenced the defendant to serve ten years at hard labor without benefit of probation, parole or suspension of sentence.
The defendant now appeals raising four assignments of error.

STATEMENT OF FACT
The record reflects that on March 5, 1998, Agent Craig LaBorde, a warrant officer *5 for the Office of Probation and Parole, participated in the arrest of the defendant pursuant to an outstanding arrest warrant. The Officer was approached by Agent Peters, the officer who supervised the defendant's case, to assist in the arrest. Peters received a phone call from the defendant's mother who indicated that the defendant was at her house. While en route to defendant's mother's house, the officers learned from a New Orleans Police Officer that the defendant was at his aunt's house on South Dupre. The officers then relocated to South Dupre. Agent LaBorde and New Orleans Police Officer Robert Fulton entered the house with the owner's consent. Officer Fulton yelled to the defendant to appear. The defendant walked from the back bedroom and placed his hands on the wall. The defendant was placed under arrest. In a search incident to the arrest, Officer Fulton found a syringe with heroin residue and two hundred dollars on the defendant. The defendant was arrested for possession of drug paraphernalia and advised of his rights. The defendant was then taken outside and placed in a police vehicle. Agent LaBorde then conducted a search of the back bedroom. LaBorde found a rifle magazine with live rounds in it. The officer then went outside and questioned the defendant about the location of an assault rifle. The defendant denied any knowledge of an assault rifle. The defendant then stated that the "the drugs and gun" belonged to him. Agent LaBorde returned to the bedroom and continued his search. The officer found a bag in the bedroom closet which contained a .25 caliber Beretta, ten packets of heroin, a razor with residue and a tablespoon with residue. The defendant was then arrested for possession of heroin and possession of firearm by a convicted felon and advised of his rights.
Agent Warren Peters, a probation and parole officer, was also involved in the defendant's apprehension pursuant to the arrest warrant. While en route to the defendant's mother's house, the officer learned that the defendant was at his aunt's house. The officer then relocated to the defendant's aunt's house. Agent Piles did not enter the house or participate in the defendant's arrest. After the defendant was arrested, he was placed in police vehicle. Agent LaBorde came out of the aunt's house with a magazine for a rifle that had several live rounds in it. LaBorde asked the defendant about the location of a rifle. The defendant denied any knowledge about a rifle, but stated that "the drugs and gun" belonged to him.
On March 5, 1998, New Orleans Police Officer Robert Fulton was driving towards the Melpomme Housing Development when the defendant's mother flagged him down. She told the officer that there was an arrest warrant for her son and she wanted to turn her son into Officer Fulton. The defendant's mother stated that the defendant was presently at his aunt's house on South Dupre. Officer Fulton saw the probation officers and other police officers on their way to the defendant's mother's house. He contacted them via police radio and informed them that the defendant was at a residence on South Dupre. Officer Fulton then proceeded to South Dupre. When he arrived at the residence, the defendant's aunt allowed him and Agent LaBorde into the residence. After entering the residence, Officer Fulton yelled for the defendant to appear and place his hands on the wall. The defendant complied with the officer's request. Agent LaBorde advised the defendant he was under arrest. Officer Fulton searched the defendant and found a syringe with residue and two hundred dollars in the defendant's pants pocket. The defendant was arrested for possession of drug paraphernalia and advised of his *6 rights. The defendant was then taken outside and placed in a police vehicle. During a search of the bedroom where the defendant had been staying, Agent LaBorde found a rifle magazine containing live rounds. LaBorde asked the defendant about the location of an assault rifle. The defendant denied knowledge of an assault rifle. However, the defendant stated that "the drugs and gun" belonged to him. Agent LaBorde then found packets of heroin and .25 caliber Beretta in the bedroom closet.
New Orleans Police Officer John Palm, a criminalist with the Crime Lab, testified that he examined and tested the substances found on the defendant and in the bedroom. Officer Palm stated that the syringe and the ten packets of white substance tested positive for heroin.

ERRORS PATENT
Our review of the record reveals one error patent. The trial court imposed an illegally lenient sentence on the defendant's conviction for possession of a firearm by a convicted felon. La. R.S. 14:95.1 provides that a person convicted of this offense "shall be imprisoned at hard labor for not less than ten nor more than fifteen years without benefit of probation, parole or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." In the present case, the trial court failed to impose a fine as required by the statute. However, on appeal this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986).

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends that the trial court erred when it denied his motion to suppress the statement he made about the drugs and weapon.
The State has the burden of proving that a statement given by a defendant was freely and voluntarily given, not the product of threats, promises, coercion, intimidation, or physical abuse. State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.), cert. den., Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Daliet, 557 So.2d 283 (La.App. 4th Cir. 1990). To establish the admissibility of a statement made by an accused person during custodial interrogation, the State must prove that the accused had been advised of his/her Miranda rights and that he/she waived these rights prior to interrogation. Brooks; Daliet. The determination of a statement's admissibility is within a trial court's discretion, and it should not be disturbed unless it is not supported by the evidence. Brooks; Daliet.
When the free and voluntary nature of a confession is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be admissible only when the intoxication is of such a degree as to negate the defendant's comprehension and to make him unconscious of the consequences of what he is saying. Whether intoxication exists and is sufficient to vitiate the voluntariness of a confession are questions of fact, and the trial court's ruling on this issue will not be disturbed unless unsupported by the evidence. State v. Williams, 602 So.2d 318 (La.App. 1 Cir. 1992), writ denied, 605 So.2d 1125 (La.1992).
In the case at bar, the defendant argues that he was not able to voluntarily waive his rights as he was intoxicated from the heroin he had recently ingested. The defendant relies upon a statement made by Officer Fulton at the suppression hearing. Officer Fulton testified that the defendant said "he had just done a couple bags of *7 heroin. I could look in his eyes and tell that he wasn't all there." However, this statement was not sufficient to establish that the defendant was so intoxicated that he could not comprehend the consequences of his acts. The defendant was alert enough to follow the officers' instructions. Officer Fulton testified that when he and Agent LaBorde entered the residence, he yelled to the defendant to come out of the bedroom and place his hands on the wall. The defendant did as the officers requested. Officer Fulton's testimony reveals that the defendant was able to have a conversation with him and the defendant's mother. Officer Fulton stated that the defendant expressed his displeasure to his mother about her involvement in his apprehension. Agent LaBorde's and Agent Peters' testimony further indicates that the defendant was able to communicate with them without any problems. Agent LaBorde advised the defendant of his Miranda rights twice before the defendant made the statement concerning the handgun and the weapon. Agent LaBorde advised the defendant of his rights when the defendant was initially arrested on the outstanding warrant. The defendant was again advised of his rights after Agent LaBorde found the syringe in the defendant's pocket. On both occasions, the defendant acknowledged that he knew and understood his rights.
The evidence presented at the suppression hearing and at trial was insufficient to prove that the defendant's alleged intoxication was sufficient to vitiate the voluntariness of his statement. The trial court did not err when it denied the defendant's motion to suppress the statement. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
The defendant also argues that the trial court erred when it denied his motion to suppress evidence, namely the handgun and ten foil packets of heroin found in the bedroom closet.
Generally, searches and seizures made without a warrant issued on prior approval by a judge or magistrate are per se unreasonable and violative of a citizen's rights under the Fourth Amendment to the U.S. Constitution and Article 1, Sec. 5 of the Louisiana Constitution. State v. Basile, 97-1162, p. 4 (La.App. 4 Cir. 9/24/97), 700 So.2d 1062, 1065, writ denied, 706 So.2d 455 (La.1997). On trial of a motion to suppress the evidence, the State has the burden of proving the admissibility of evidence seized without a warrant. La.C.Cr.P. art. 703. In reviewing a trial court's ruling on a motion to suppress, an appellate court is not limited to evidence adduced at the hearing on the motion to suppress; it may also consider any pertinent evidence given at trial of the case. State v. Guidry, 647 So.2d 502, 507. A search warrant is not necessary when lawful consent is given for a search of the premises. State v. Franklin, 686 So.2d 38, 41 (La.1997). The burden is on the State to prove that such consent to search was given freely and voluntarily. State v. Edwards, 434 So.2d 395, 397 (La.1983).
In the present case, Officer Fulton and Agent LaBorde testified that the defendant's aunt, the owner of the residence, gave them permission to enter and search the house for the defendant. There is nothing in the trial and suppression hearing transcripts to suggest that the defendant's aunt granted the officers permission to search for anything else. Thus, the State failed in its burden to prove that the officers had the owner's consent to search the bedroom. However, Agent LaBorde testified that the defendant's mother informed him that the defendant was armed with a gun. The officers testified that the defendant was not armed when he was searched incident to *8 his arrest. As a result, Agent LaBorde had probable cause to search the bedroom. The officer had information that the defendant, a convicted felon and parolee, was in possession of a weapon.
Furthermore, probationers and parolees have a reduced expectation of privacy which allows reasonable warrantless searches of their persons and residences by their probation or parole officer, even though less than probable cause may be shown. State v. Malone, 403 So.2d 1234 (La.1981). This reduced expectation of privacy evolves from a probationer's conviction and agreement to allow a probation officer to investigate his activities in order to confirm that the probationer is in compliance with the provisions of his probation. However, a probationer is not subject to the unrestrained power of the authorities. A search of the probationer may not be a subterfuge for a police investigation. A warrantless search of a probationer's property may be permissible when
[I]t is conducted when the officer believes such a search is necessary in the performance of his duties, and must be reasonable in light of the total atmosphere in which it takes place. In determining the reasonableness of a warrantless search, [an appellate court] must consider (1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it, and (4) the place in which it was conducted.
State v. Malone, 403 So.2d at 1239. See also State v. Thomas, 96-2006 (La.App. 4 Cir. 11/06/96), 683 So.2d 885.
In the case at bar, the officers testified that they had an arrest warrant for the defendant. They were acting upon the arrest warrant when they searched the defendant's aunt's house and arrested him. The defendant was also on parole at that time for a prior conviction for possession of heroin. The defendant's mother told Agent LaBorde that the defendant had been armed with a weapon. When the officers did not have find a weapon on the defendant in search incident to his arrest, the officers had probable cause to search the bedroom in which the defendant was staying. When Agent LaBorde found a rifle magazine with live rounds in it, the officer asked the defendant about an assault rifle. The defendant replied that he did not know anything about an assault rifle, but the handgun and drugs belonged to him. This statement gave the officer cause to believe that a handgun and drugs were in the bedroom. Thus, Agent LaBorde was justified in continuing the search of the bedroom and extending the search into the bedroom closet where the guns and drugs were found.
Accordingly, we find no error in the trial courts ruling denying the defendant's motion to suppress evidence.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 3
The defendant further contends that the State failed to produce sufficient evidence to sustain his conviction for possession of heroin.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances *9 from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
To support a conviction for possession of narcotics, the State must prove that a defendant knowingly possessed narcotics. State v. Chambers, 563 So.2d 579, 580 (La.App. 4 Cir. 1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La.App. 4 Cir. 1991).
A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, 557 So.2d 1034 (La.App. 4 Cir. 1990). A person may be deemed to be in joint possession of a drug which is in the physical possession of a companion if he willfully and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). Determination of whether a defendant had constructive possession depends on the circumstances of each case. Cann. Among the factors to consider in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are whether the defendant knew that illegal drugs were present in the area, the defendant's relationship with the person in actual possession of the drugs, whether there is evidence of recent drug use, the defendant's proximity to the drugs, and any evidence that the area is frequented by drug users. State v. Pollard, 93-1960 (La.App. 4 Cir. 7/14/96), 640 So.2d 882.
At trial, Agent LaBorde and Officer Fulton testified that after they arrested the defendant on the outstanding warrant, Agent LaBorde advised the defendant of his Miranda rights and performed a search of the defendant. Agent LaBorde found a syringe containing heroin residue in the defendant's pants pocket. The defendant was again arrested for possession of drug paraphernalia and possession of heroin. The defendant was advised of his Miranda rights again and placed in a police vehicle. The officers then conducted a search of the bedroom that the defendant had been occupying. Agent LaBorde found a rifle magazine containing live rounds. The officer asked the defendant if he knew the location of the assault rifle. The defendant stated that he did not know anything about an assault rifle. He went on to say that the handgun and heroin in the bedroom belonged to him. Agent LaBorde returned to the bedroom and continued the search. The officer found the handgun and ten foil packets of heroin in the bedroom closet. Officer John Palm, a criminalist with the Crime Lab, testified that the substance found in the syringe and the substance in the foil packet tested positive for heroin.
Such testimony was sufficient to prove, beyond a reasonable doubt, that the defendant was in possession of heroin. The *10 syringe containing heroin residue was found on the defendant's person. The syringe is evidence of drug use and actually contained heroin. In addition, the ten foil packets of heroin were found in the bedroom that the defendant was occupying. Further, the defendant admitted to his ownership of the ten foil packets of heroin found in the bedroom closet. The State produced sufficient evidence to sustain the defendant's conviction for possession of heroin.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 4
Lastly, the defendant suggests that the ten year sentence imposed under the multiple offender statute was unconstitutionally excessive. After the defendant was found guilty of possession of heroin, the State filed a multiple bill of information alleging the defendant was a second felony offender. The defendant pled guilty to the multiple bill and was sentenced to ten years at hard labor without benefit of probation or suspension of sentence.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La. App. 4 Cir. 10/11/85). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
Prior to sentencing the defendant as a second felony offender, the trial court noted that the defendant had two other convictions arising from the same incident in which he was charged and convicted of the present offense. After the defendant was convicted of possession of heroin, he pled guilty to being a convicted felon in possession of a weapon and possession of cocaine. The court also recognized that the prior offense alleged in the multiple bill of information was a conviction for possession of heroin in March of 1994. Thus, at the time of sentencing, the defendant had four felony convictions. In addition, the trial testimony indicates that the defendant was being arrested for another felony offense at the time the officers found the heroin and cocaine on the defendant. There is no indication in the record as to the disposition of that charge. In light of the defendant's four felony convictions, the trial court did not impose an unconstitutionally excessive sentence. The mid-range sentence of ten years at hard labor without benefit of probation or suspension of sentence was appropriate given the facts and circumstances of the defendant's case.
This assignment is without merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.