CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 On April 29, 2008, the St. Charles Parish District Attorney filed a bill of information charging the defendant, Travis Joseph, with possession of cocaine, a violation of LSA-R.S. 40:967(C). A one-day jury trial was held.
 

 Michael Delaune, a probation and parole agent with the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole, testified that on April 9, 2008 he arrested the defendant on a parole violation arising out of pending charges for battery on a police officer, resisting arrest, and obstruction of justice. Both Delaune and Michael P. Collins, a probation and parole agent with the State of Louisiana, Department of Public Safety and Corrections, Division of Probation and Parole, testified that, on the same day, they transported the defendant to the Nelson Coleman Correctional Center in St. Charles Parish and booked the defendant for violating his parole. Before they transported the defendant, Delaune testified that he patted the defendant down looking for weapons for officer safety and searched the back seat of the vehicle. At the jail, the defendant was searched by Chance Blenks, formerly with the St. Charles Sheriffs Office, while Delaune was present.
 

 Blenks testified that he searched the defendant after he was brought into the correctional facility by Agents Delaune and Collins. During the search of the ^defendant, Blenks found a clear plastic bag with a white powder substance in the defendant’s rear pants pocket. Blenks testified that he brought the clear plastic
 
 *246
 
 bag with a white powder substance to De-laune. Blenks had no doubt that he obtained the clear plastic bag with a white powder substance from the defendant’s pants. According to Blenks, no one else was being processed in the area at the same time as the defendant.
 

 According to Delaune, Deputy Blenks brought him the defendant’s property that included a clear plastic bag with white powdery residue. Delaune testified that he found the bag in the defendant’s property, identified the residue as possibly being cocaine, and seized it as evidence. Deputy Blenks told Delaune that he found the bag in the defendant’s rear pants pocket, which Collins overheard. Both De-laune and Collins transported and turned over the clear plastic bag with white powdery residue to Detective Richard Dubus, Jr. with the St. Charles Sheriffs Department, Narcotics Division, for field-testing. Delaune testified that the evidence was turned over in the same condition in which he seized it. Both Delaune and Collins identified, in court, the evidence that they turned over to Detective Dubus.
 

 Detective Dubus testified that, on the date of the incident, Agents Delaune and Collins came to his office. Detective Du-bus testified that Delaune gave him a clear plastic bag with white residue. Detective Dubus testified that he field-tested the residue for cocaine. According to Detective Dubus, after he field-tested the residue, he put it into evidence, wrote an incident report, and eventually turned it over to Sergeant Bill Slayton, an evidence technician with the St. Charles Sheriffs Office. Detective Dubus identified the evidence he received from Delaune in court. According to Delaune, when he received the bag it was tied, not sealed.
 

 | ¿Sergeant Slayton testified that he received the evidence from Detective Dubus. The evidence was eventually sent to the Jefferson Parish Crime Lab for testing. The residue was found to be positive for cocaine. Sergeant Slayton testified that the Jefferson Parish Crime Lab indicated that there was “no weight obtained” on the residue.
 

 The defendant testified that, on the date of the incident, he went to see Delaune. According to the defendant, he had just been released from prison on bond related to misdemeanor simple battery and resisting arrest charges. Delaune asked him to take a drug test. The defendant testified that Delaune only gave him a couple of minutes to urinate, and that he could not urinate at that time. Delaune subsequently arrested him. According to the defendant, Delaune told him that he should not have been allowed to bond out as a parole violator. Before Agents Delaune and Collins transported the defendant to the Nelson Correctional Center. Delaune asked him if he had anything in his pockets that they needed to know about. The defendant replied negatively. According to the defendant, he was not patted down or searched before he was transported.
 

 At the correctional facility, the defendant was searched thoroughly by Blenks. The defendant testified that, during the search, Blenks located a clear plastic bag, allegedly containing cocaine, in his rear pocket. The defendant claimed that at the time of the search he was in possession of two plastic bags and neither of them contained anything. The defendant claimed that he knew the bags in his possession were empty because he previously ate the candy that was in them. The defendant testified that he had no idea where the cocaine came from. The defendant suggested that the bag in evidence was put into his pocket. The defendant suggested that, even though Blenks found the bag, Blenks had no idea about the contents of the bag. According to the defendant, after
 
 *247
 
 Delaune took | (¡possession of his property-located in a basket, Delaune said, “ ‘What is this?’ ” The defendant testified that he told Delaune that it was nothing, and the bags previously contained candy. The defendant admitted that he had a 2004 conviction for unauthorized use of a vehicle for which he was currently on parole and a 1998 conviction for distribution of cocaine.
 

 Following trial, the jury found the defendant guilty as charged. The trial court imposed a sentence of five years at hard labor. The defendant takes this out-of-time appeal.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 The defendant claims that the evidence was insufficient to support his conviction. Specifically, the defendant claims that the State failed to prove that he intentionally possessed the cocaine. The defendant argues that the State did not prove that he intended to take the bag with cocaine residue with him when he visited his probation officer. The defendant suggests that the evidence at most supports a misdemeanor paraphernalia charge. In addition, the defendant argues that the testimonies of the corrections officer and his probation officer were contradictory. The defendant claims that Blenks testified that he found something that he believed to be contraband. However, Delaune claimed that he found the bag with the cocaine residue. The defendant also notes that Delaune did not find the bag with cocaine when he patted him down. In addition, the defendant claims that the purity of the evidence is cast into doubt because Delaune did not seal the bag after he seized it. The defendant argues that a small amount of residue could have gotten into the unsealed bag off of paper money near it.
 

 The State claims that there is absolutely no doubt that the bag containing residue was removed from the rear pocket of the defendant’s pants, that the defendant was wearing those pants at the time of his arrest, and that the residue in |fithe bag was cocaine. Therefore, the defendant was in actual possession of the cocaine.
 

 Based upon the following, we find that the State provided evidence that the defendant was in actual possession of the cocaine from which the jury could have reasonably inferred that the defendant had both the knowledge and intent to possess the cocaine based upon the circumstances presented.
 

 The constitutional standard of review for determining the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 448 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review for sufficiency of evidence does not require the appellate court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.
 
 State v. Jones,
 
 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Instead, the court, on review, is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 State v. Jones,
 
 08-20 at 7, 985 So.2d at 240.
 

 The trier of fact evaluates the credibility of witnesses, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness.
 
 Id.
 
 The credibility of witnesses presenting conflicting testimony on factual matters is within the trier of fact’s sound discretion.
 
 Id.
 
 As part of its function, the appellate court does not second-guess the credibility of
 
 *248
 
 witnesses as determined by the trier of fact or reweigh the evidence absent impingement on the fundamental due process of law.
 
 Id.
 

 The evidence may be either direct or circumstantial. Direct and circumstantial evidence both must be sufficient to support the conclusion that the 17defendant is guilty beyond a reasonable doubt.
 
 Jones,
 
 08-20 at 7, 985 So.2d at 241. In order to convict a defendant of possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that the defendant knowingly possessed it. LSA-R.S. 40:967(C).
 
 State v. Jones,
 
 08-20 at 8, 985 So.2d at 241. Unlawful possession of cocaine is a general intent crime.
 
 State v. Sylvia,
 
 01-1406, p. 8 (La.4/9/03), 845 So.2d 358, 364. General criminal intent is present “when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.”
 
 Id,.,
 
 citing LSA-R.S. 14:10(2).
 

 Guilty knowledge is an essential element of the crime of possession of cocaine.
 
 State v. Sylvia,
 
 01-1406 at 3, 845 So.2d at 361. Guilty knowledge is a state of mind and, therefore, it need not be proven as fact.
 
 Id.
 
 Intent is also a state of mind that need not be proven as fact.
 
 Id.
 
 Both knowledge and intent may be inferred from the circumstances.
 
 Id.
 
 A fact finder may draw reasonable inferences based upon the evidence presented at trial to support contentions of knowledge and intent.
 
 State v. Bright,
 
 03-489, p. 14 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 205,
 
 writ denied,
 
 03-3409 (La.4/2/04), 869 So.2d 875.
 

 Possession of cocaine may be established by showing that the defendant exercised either actual or constructive possession of the drugs.
 
 State v. Jones,
 
 08-20 at 8, 985 So.2d at 241. A person is in actual possession when the person has an object in their possession or on their person in such a way as to have direct physical contact with and control of the object.
 
 State v. Bright,
 
 03-489, p. 14 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 205,
 
 writ denied,
 
 03-3409 (La.4/2/04), 869 So.2d 875. A conviction for possession of cocaine may rest upon possession of any amount of the drug.
 
 State v. Sylvia,
 
 01-1406 at 3, 845 So.2d at 361. Cocaine |8residue that is visible to the naked eye would be evidence sufficient to support a conviction for possession of cocaine.
 
 State v. Sylvia,
 
 01-1406 at 4, 845 So.2d at 361.
 

 On review, the appellate court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events.
 
 State v. Jones,
 
 08-20 at 7-8, 985 So.2d at 241. Rather, the reviewing court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 State v. Jones,
 
 08-20 at 8, 985 So.2d at 241.
 

 In
 
 State v. Toney,
 
 99-1574 (La.App. 4 Cir. 11/8/00), 796 So.2d 1,
 
 writ denied,
 
 802 So.2d 619 (La.2001), the defendant claimed among other errors that the State failed to produce sufficient evidence to sustain his conviction for possession of heroin.
 
 State v. Toney,
 
 99-1574 at 9, 796 So.2d at 8. The appellate court found that the State produced sufficient evidence to sustain the defendant’s conviction for possession of heroin.
 
 State v. Toney,
 
 99-1574 at 12, 796 So.2d at 10. In that case, the appellate court noted that a warrant officer for the Office of Probation and a New Orleans Police Officer arrested the defendant on the outstanding warrant. One of the offi
 
 *249
 
 cers performed a search of the defendant incident to arrest and found a syringe containing heroin residue in the defendant’s pants pocket. The defendant was arrested again for possession of drug paraphernalia and possession of heroin. A criminalist with the Crime Lab testified that the substance found in the syringe tested positive for heroin.
 
 State v. Toney,
 
 99-1574 at 11, 796 So.2d at 9.
 

 The appellate court noted that the testimony of arresting officers and the crimi-nalist with the Crime Lab provided the State was sufficient to prove, beyond a 1treasonable doubt, that the defendant was in possession of heroin. The court also noted that the syringe containing heroin residue was found on the defendant’s person.
 
 State v. Toney,
 
 99-1574 at 11-12, 796 So.2d at 9-10.
 

 In the present case, cocaine was found on the defendant’s person. Delaune testified that he arrested the defendant on a parole violation, patted the defendant down, searched the back seat of the transport vehicle, and along with Collins transported the defendant to the Nelson Coleman Correctional Center in St. Charles Parish. According to Blenks, no one else was being processed in the area at the time he searched the defendant at the correctional center. During the search of the defendant, Blenks found a clear plastic bag with a white powder residue in the defendant’s rear pants pocket. Blenks testified that he brought the clear plastic bag with a white powder residue to Delaune. Blenks had no doubt that he obtained the clear plastic bag with a white powder residue from the defendant’s pants. Delaune testified that he found the bag in the defendant’s property, identified the residue as possibly being cocaine, and seized it as evidence. Both Delaune and Collins turned over the seized evidence to Detective Dubus, who field-tested the residue and subsequently turned the evidence over to Sergeant Slayton. Sergeant Slayton, an evidence technician, testified that the evidence eventually was sent to the Jefferson Parish Crime Lab for testing. The residue was tested and found to be positive for cocaine.
 

 While the defendant testified that the two plastic bags that he had in his possession were empty and the bag containing the cocaine residue' was planted on him, the jury obviously found the State’s witnesses to be more credible. As in
 
 State v. Toney, supra,
 
 we find that the testimony of the arresting officers and the evidence technician provided by the State was sufficient to prove, beyond a reasonable doubt, that the defendant was in possession of the cocaine residue that |inwas found on his person. In addition, we find that the jury could have reasonably drawn an inference based upon the circumstances presented to support a determination of the defendant’s guilty knowledge and intent to possess the cocaine. Thus, we find this assignment of error is without merit.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent in this case.
 

 Neither the commitment/minute entry nor the sentencing transcript indicate that trial judge informed the defendant of the appropriate time period for filing an application for post-conviction relief. LSA-C.Cr.P. art. 930.8(A) provides that the prescriptive period for filing an application for post-conviction relief is “two years after the judgment of conviction and sentence has become final[.]” The trial judge is required to inform the defendant of the prescriptive period at the time of sentenc
 
 *250
 
 ing. LSA-C.Cr.P. art. 930.8(C). Therefore, we correct this error and inform the defendant in this opinion that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 
 State v. Hill,
 
 09-89, p. 7 (La.App. 5 Cir. 5/26/09), 15 So.3d 1042, 1046.
 

 Accordingly, the defendant’s conviction of possession of cocaine is affirmed.
 

 AFFIRMED.