hPLOTKIN, Judge.
On July 18, 1997, the defendant, Sharon Maxwell, was charged with one count of simple possession of cocaine, a charge to which she pled not guilty at arraignment. After conducting a preliminary hearing, the court found no probable cause to hold the defendant pending trial. The State filed a writ of certiorari, which we grant.

FACTS:

On March 26, 1997, police officers went to 8949 Jeannette Street, Apt. D, to execute an arrest warrant for Melissa Maxwell, a juvenile wanted in connection with an aggravated battery. When the officers arrived at the apartment, they noticed the inner door was open and the outer screen door was slightly ajar. They looked inside the door and saw the defendant Sharon Maxwell lying on a sofa, asleep. On Maxwell’s lap was a baby, who was crying and playing with things sticking out of Maxwell’s pocket. The officers knocked on the door and called to Maxwell, but she remained asleep, while the baby continued to cry. After repeated futile attempts to rouse Maxwell by knocking on the door and calling to her, the officers became concerned for her safety and that of the baby. They entered the apartment and were able to wake|2her. They also noticed one of the items in Maxwell’s pocket with which the baby had been playing was a glass crack pipe containing a white residue. The officers also noticed a push rod for the pipe and a homemade knife also protruding from her pocket. The officers arrested Maxwell for possession of drug paraphernalia. A subsequent search at Central Lockup revealed a portion of copper wire used in the crack pipe.
In addition, at the hearing the State also attempted to introduce evidence Maxwell had a prior conviction for possession of crack cocaine residue.

DISCUSSION:

The trial court denied the motion to suppress the evidence, finding the officers reasonably entered the apartment for the safety of the child and the defendant, who would not respond to their knock. But, the court also found that there was no probable cause to hold the defendant for the charge of possession of cocaine. Rather the evidence only showed probable cause to hold her for possession of drug paraphernalia, the charge for which she actually was arrested. The State argues this finding is erroneous.
La.C.Cr.P. art. 292 provides in pertinent part: “The court, on request of the state or the defendant, shall immediately order a preliminary examination in felony cases unless the defendant has been indicted by a grand jury.” Art. 296, which sets forth the scope of a preliminary hearing, provides in part:
If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense. If the defendant is ordered held *514 upon a finding of probable cause, the court shall fix his bail if he is entitled to bail.
The court found the evidence adduced at the preliminary hearing did not establish that there was probable cause to arrest the defendant for possession of|3cocaine because there were only trace amounts of cocaine in the pipe. In its per curiam to this court, the trial court noted that it could not find the defendant knowingly possessed the cocaine in the pipe because there was a “reasonable alternative explanation” that she was unaware of the residue. The court then found that although the evidence showed possession of drug paraphernalia, it was reasonable to conclude she was unaware of the residue, and thus she would not be knowingly in possession of cocaine.
A defendant can be convicted of possession of a trace amount of cocaine. In State v. Gaines, 96-1850 pp. 5-6 (La.App. 4th Cir. 1/29/97), 688 So.2d 679, 682-683, this court stated:
Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant’s guilty knowledge. State v. Spates, 588 So.2d 398 (La. App. 2nd Cir.1991).
In addition, the peculiar nature of the pipe, commonly known as a “straight shooter” and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge. See, State v. Spates, supra at 402. Finally, flight is a circumstance from which guilt can be inferred. See, State v. White, 535 So.2d 929, 933 (La.App. 2nd Cir.1988), writ denied, 537 So.2d 1161 (La.1989).
Here, the issue is not a finding beyond a reasonable doubt that the defendant was aware of the residue in the pipe. That issue must be decided at trial. Instead, the State was only obligated to show there was probable cause for the officers to believe the defendant knowingly possessed the cocaine in the pipe in her pocket. The trial court’s ruling may have been valid if the residue was such that it could not be seen with the naked eye. However, the officer testified he could see a white residue in the glass pipe. As such, it appears at the preliminary hearing there was probable cause to believe the defendant |4knowingly possessed the cocaine in the pipe in her pocket. Thus, the trial court erred by finding there was no probable cause to hold the defendant on the crime charged, possession of the cocaine residue in the pipe.
Accordingly, this writ is granted; we find probable cause and remand to the trial court for a bond hearing.

WRIT GRANTED; REMANDED FOR A BOND HEARING.