737 So.2d 218 (1999)
STATE of Louisiana
v.
Tyronne McKNIGHT.
No. 99-K-0997.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1999.
Harry F. Connick, District Attorney, Lionel Lon Burns, Jr., Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff-Relator.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III and Judge MICHAEL E. KIRBY.
ARMSTRONG, Judge.

STATEMENT OF CASE
On March 30, 1999, the defendant was charged with one count of simple possession of cocaine, a charge to which he has pled not guilty. On April 21, 1999 the court heard his motion to suppress the evidence and conducted a preliminary hearing. At the conclusion of the hearing, the court denied the motion to suppress the evidence but found no probable cause to hold the defendant pending trial. The State now comes before this court seeking relief from this ruling. The State notes that the trial court refused to stay all proceedings, but the State does not ask this court for a stay.[1]

FACTS
On the evening of March 23, 1999, police officers were on routine patrol in the 8900 block of Hickory Street. When they were still a short way from the corner, the defendant Tyronne McKnight turned the corner on his bicycle and rode into the path of the police car, almost hitting the police car. The officers stopped the car and stopped McKnight. The officers noticed McKnight was clutching something in each hand. The officers ordered McKnight to open his hands, and in one hand they found $20.00 while in the other hand they found a crack pipe containing visible residue of what appeared to be cocaine. The officers arrested McKnight and advised him of his rights. McKnight then stated that he had just found the crack pipe and intended to sell it to "crackheads" in the neighborhood.

DISCUSSION
From the State's application, it is difficult to tell if the trial court granted the motion to suppress the evidence or whether it merely found there was no probable cause to hold the defendant prior to trial. The transcript shows the court denied the *219 motion to suppress but found there was no probable cause to believe the defendant was in possession of crack cocaine, enabling the State to hold the defendant prior to trial. The State argues this ruling is erroneous.
The scope of a preliminary hearing is set forth in La.C.Cr.P. art. 296, which provides in pertinent part:
If the defendant has not been indicted by a grand jury for the offense charged, the court shall, at the preliminary examination, order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense. If the defendant is ordered held upon a finding of probable cause, the court shall fix his bail if he is entitled to bail.
A very similar situation arose in State v. Maxwell, 97-1927 (La.App. 4 Cir. 9/15/97), 699 So.2d 512, where as here, the defendant was found in possession of a crack pipe containing residue of what was later found to be cocaine. The trial court found there was no probable cause to hold the defendant on a bond obligation because there was a "reasonable alternative explanation" that the defendant was unaware the pipe contained cocaine residue. On review, this court reversed the trial court's ruling. This court stated:
A defendant can be convicted of possession of a trace amount of cocaine. In State v. Gaines, 96-1850 pp. 5-6 (La. App. 4th Cir.1/29/97), 688 So.2d 771[679], 682-683, this court stated:
Guilty knowledge is an essential element of the crime of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La. 1982). Although a conviction for possession of a controlled dangerous substance can stand on the possession of the slightest amount of the drug, the amount of the substance will have some bearing on the defendant's guilty knowledge. State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991).
In addition, the peculiar nature of the pipe, commonly known as a "straight shooter" and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge. See, State v. Spates, supra at 402. Finally, flight is a circumstance from which guilt can be inferred. See, State v. White, 535 So.2d 929, 933 (La.App. 2nd Cir.1988), writ denied, 537 So.2d 1161 (La.1989).
Here, the issue is not a finding beyond a reasonable doubt that the defendant was aware of the residue in the pipe. That issue must be decided at trial. Instead, the State was only obligated to show there was probable cause for the officers to believe the defendant knowingly possessed the cocaine in the pipe in her pocket. The trial court's ruling may have been valid if the residue was such that it could not be seen with the naked eye. However, the officer testified he could see a white residue in the glass pipe. As such, it appears at the preliminary hearing there was probable cause to believe the defendant knowingly possessed the cocaine in the pipe in her pocket. Thus, the trial court erred by finding there was no probable cause to hold the defendant on the crime charged, possession of the cocaine residue in the pipe.
Maxwell, pp. 3-4; 699 So.2d at 514 (emphasis supplied).
Here, as in Maxwell, the defendant was found with a crack pipe which contained cocaine residue. The officer in this case testified he could see the cocaine residue in the crack pipe, and the defendant knew the nature of the pipe because he stated he had just found the pipe and was planning to sell it to "crackheads" in the neighborhood. Given these circumstances, we find that there was probable cause to believe the defendant was in knowing possession of cocaine. As such, the trial court, which was the same court involved in Maxwell, erred by finding no probable cause to hold *220 the defendant on a bond obligation or in jail pending trial.[2]
For the foregoing reasons, we grant the State's writ application, reverse the ruling of the trial court and remand this case for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED.
NOTES
[1] Although the State's application does not mention a trial date, the transcript of the preliminary hearing, which the State filed in this court on May 3, 1999, indicates trial is set for May 11, 1999.
[2] In State v. Postell, 98-0503 (La.App. 4 Cir. 4/21/99), 735 So.2d 782, two members of a panel found that the presence of cocaine residue was insufficient to support a conviction for possession of cocaine. However, this was a "beyond reasonable doubt" determination of guilt; here, the trial court needed only to find that it was more probable than not that the defendant possessed cocaine.