845 So.2d 358 (2003)
STATE of Louisiana
v.
John SYLVIA.
No. 2001-K-1406.
Supreme Court of Louisiana.
April 9, 2003.
*360 William R. Campbell, Jr., New Orleans, Counsel for Applicant.
Richard P. Ieyoub, Attorney General, Eddie J. Jordan, Jr., District Attorney, Valentin M. Solino, Leslie P. Tullier, Counsel for Respondent.
VICTORY, J.
We granted this writ to determine whether the court of appeal erred in finding that the State presented evidence sufficient to sustain the defendant's conviction for possession of cocaine. After reviewing the facts and the applicable law, we affirm the judgment of the court of appeal.

FACTS AND PROCEDURAL HISTORY
On December 23, 1999, Officers Joshua Burns and Stanley Doucette of the New Orleans Police Department Downtown Development District Station were on patrol. At approximately 3:50 p.m., the officers observed the defendant and another man screaming and pushing one another at the corner of St. Joseph and Carondelet Street. Upon stopping to investigate, the officers immediately noticed that both subjects appeared to be intoxicated and smelled strongly of alcohol. Both subjects were placed under arrest for public intoxication. Subsequently, during a search incident to this arrest, Officer Burns discovered a short metal tube with a piece of wire mesh inside in the defendant's rear pants pocket. The tube was burned at both ends. Officer Burns testified that he immediately recognized this object as a device commonly used to smoke crack cocaine. In addition to the "crack pipe," a cigarette lighter was found in defendant's coat pocket. No cigarettes were found on the defendant. Officer Burns confiscated the crack pipe and cigarette lighter, and defendant was charged with possession of drug paraphernalia, a violation of La. R.S. 40:1033.
Upon returning to the station, the confiscated pipe was sent to the Crime Laboratory of the New Orleans Police Department. Officer Harry O'Neal of the New Orleans Police Department Crime Lab testified as an expert in the identification and analysis of controlled dangerous substances. Officer O'Neal testified that he performed a gold chloride crystal test and a gas chromatograph test to determine if the pipe contained any illegal drug residue. Both tests revealed the presence of cocaine. Subsequently, defendant was charged with possession of cocaine, a violation of La. R.S. 40:967(C)(2).
Defendant was tried by a jury of six and was found guilty of the lesser included offense of attempted possession of cocaine. The trial court adjudicated the defendant a habitual offender, and he was sentenced to five years imprisonment at hard labor. On April 11, 2001, the Fourth Circuit Court of Appeal, in an unpublished opinion, affirmed defendant's conviction, finding the evidence constitutionally sufficient to support the conviction. State v. Sylvia, 00-1638 (La.App. 4 Cir. 4/11/01), 793 So.2d 572. We granted defendant's writ application. State v. Sylvia, 01-1406 (La.6/21/02), 818 So.2d 792.

*361 DISCUSSION
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, in viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/2896), 668 So.2d 1132. A reviewing court must consider the record as a whole, as would any rational trier of fact. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. State v. Mussall, 523 So.2d 1305 (La.1988). The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra. A reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Smith, 600 So.2d 1319 (La.1992).
The defendant in the instant case was charged with possession of cocaine, a violation of La. R.S. 40:967. To support a conviction for possession of cocaine, the State must present evidence establishing beyond a reasonable doubt that the defendant was in possession of the drug and that he knowingly and intentionally possessed it. La. R.S. 40:967(C); State v. Toups, 01-1875 (La.10/15/02), 833 So.2d 910. Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Edwards, 354 So.2d 1322 (La. 1978). The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Trahan, 425 So.2d 1222 (La.1983). Evidence which would support a conviction of a charged offense would necessarily support a conviction of a lesser included offense. State v. Simmons, 01-0293 (La.5/15/02), 817 So.2d 16. Attempted possession of cocaine is an authorized responsive verdict to a charge of simple possession of cocaine. La. C.Cr.P. art. 814(50).
The defendant's sole assignment of error is that the evidence was insufficient to support a conviction for attempted possession of cocaine. There is no question that a conviction for possession of cocaine may rest upon possession of any amount of the drug. La. R.S. 40:967(C). Thus, the issue before us today is whether the defendant's possession of drug paraphernalia containing trace amounts of cocaine is sufficient to prove beyond a reasonable doubt that defendant "knowingly" possessed the cocaine, i.e., that defendant had the requisite "guilty knowledge" to support a conviction for possession of cocaine.
Drug residue cases are certainly not uncommon. Found in these cases are several examples of corroborating evidence which would be sufficient to support the inference of guilty knowledge to defendants who are in possession of residue-containing drug paraphernalia. For example, cocaine residue, visible to the naked eye, would be evidence sufficient to support a conviction for possession of cocaine. State v. Shields, 98-2283 (La.App. 4 Cir. 9/15/99), 743 So.2d 282; State v. Porter, 98-2280 (La.App. 4 Cir. 5/12/99), 740 So.2d 160. Evidence of flight or furtive behavior by the defendant may also support a finding of guilty knowledge sufficient to prove the defendant's knowing possession of cocaine. State v. Postell, 98-0503 (La.App. 4 Cir. 4/22/99), 735 So.2d 782. Possession of multiple pieces of drug paraphernalia, or evidence of recent drug use, are factors evidencing guilty knowledge. State v. Knight, 00-1051 (La.App. 4 *362 Cir. 5/23/01), 794 So.2d 33 (citing State v. Drummer, 99-0858 (La.App. 4 Cir. 12/22/99), 750 So.2d 360 and State v. Monette, 99-1870 (La.App. 4 Cir. 3/22/00), 758 So.2d 362). Finally, physical possession by the defendant of an instrument with no utility other than the ingestion of drugs is indicative of his guilty knowledge that the instrument contained controlled dangerous substances. State v. Spates, 588 So.2d 398 (La.App. 2 Cir.1991).
In State v. Spates, supra, officers were executing a search warrant on a residence in Bossier City. The defendant, who was standing in the front yard of that residence, was searched in connection with the execution of the warrant. The officer conducting the search found a metal tube with a piece of Brillo pad on the end in defendant's pants pocket. The officer testified that this tube was known as a "straight shooter," and was a device used exclusively for smoking crack cocaine. The officer seized the crack pipe and subsequent testing revealed that the tube contained cocaine residue. In affirming the defendant's conviction for possession of cocaine, the Second Circuit pointed to State v. Porter, 344 So.2d 1031 (La.1977), wherein this court concluded that a defendant's possession of narcotics paraphernalia is relevant evidence of a defendant's guilty knowledge of his possession of controlled dangerous substances. Spates, 588 So.2d at 402. The Spates court continued, noting that such a "straight shooter" is "utterly without utility other than for the ingestion of ... cocaine." Id. As such, the court found that "from the nature of the defendant's possession of an object with no other use, save as drug paraphernalia, there is no other reasonable explanation but that [the defendant] had guilty knowledge that the straight shooter contained cocaine residue." Id.
The Spates decision has been cited with resounding approval by a majority of circuits. See State v. Jones, 94-1261 (La. App. 3 Cir. 5/17/95), 657 So.2d 262 ("Physical possession of an instrument with no utility other than the ingestion of crack cocaine is sufficient under the Jackson v. Virginia standard."); State v. McMooain, 95-2103 (La.App. 1 Cir. 9/27/96), 680 So.2d 1370 ("Defendant in the present case could be convicted for possession of cocaine using only evidence of the crack cocaine residue found in the pipe on his person."); State v. Recasner, 98-2518 (La.App. 4 Cir. 12/22/99), 750 So.2d 336 (Although defendant did not attempt to flee or exhibit furtive behavior when the officers approached, "the peculiar nature of the ... `straight shooter'... used exclusively for smoking crack cocaine, was indicative of guilty knowledge that the pipe contained cocaine residue."); State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679 (physical possession of a "straight shooter" is one of several independent circumstances from which guilt can be inferred); State v. Jones, 00-1942 (La.App. 4 Cir. 7/25/01), 792 So.2d 117; State v. Tassin, 99-1692 (La.App. 4 Cir. 3/15/00), 758 So.2d 351; State v. Lavigne, 95-0204 (La. App. 4 Cir. 5/22/96), 675 So.2d 771; State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273; State v. Handy, 00-0051 (La.App. 4 Cir. 1/24/01), 779 So.2d 103; State v. Knight, supra; State v. McKnight, 99-0997 (La.App. 4 Cir. 5/10/99), 737 So.2d 218. It is important to note that the majority of the above cases which have directly approved of the Spates reasoning came out of the Fourth Circuit, the very court from which the instant appeal is now taken.
Furthermore, this court has recently expressed approval of Spates and its progeny in State v. Lipscomb, 00-2836 (La.1/25/02), 807 So.2d 218. The issue in Lipscomb was whether the crack pipe seized from the *363 defendant during a protective frisk for weapons was discovered pursuant to a valid exercise of the "plain feel" exception to the warrant requirement. In concluding that the seizure was valid under the "plain feel" exception, this court stated that "[b]ecause of their peculiar association with narcotics, crack pipes provide circumstantial evidence of an individual's guilty knowledge that he is in possession of cocaine even when the amount involved constitutes no more than the residue coating the pipe's walls." Id. at 220. As support for this reasoning, this court cited Spates, Jones, and Knight, supra.
Notwithstanding, the defendant contends that the instant case is indistinguishable from State v. Postell, supra. In Postell, two police officers approached the defendant as he was standing on the sidewalk. One of the officers testified that as the officers neared the defendant, he saw the defendant look at him and then stoop and drop something on the ground. The officer then shined his flashlight in the area where the defendant had dropped the object and observed a shiny metal pipe laying on the ground. The officer testified that he was unable to accurately detect the presence of drugs in the pipe. The defendant was arrested for possession of drug paraphernalia, and the pipe was seized and sent to the crime lab for testing. The pipe tested positive for cocaine. The defendant was subsequently charged with and convicted of possession of cocaine.
In reversing the defendant's conviction for possession of cocaine, the Fourth Circuit stated that "without supporting evidence, guilty knowledge, as required to convict a person of possession of cocaine, cannot be gleaned from mere possession of the paraphernalia." Id at 787. However, a close reading of Postell reveals that the court's decision in that case rested heavily upon the fact that the defendant was not in physical possession of the crack pipe.
In discussing the merits of the case, the Postell court stated that the crack pipe "was found on the sidewalk near him, and not on his person. Therefore, the State presented circumstantial evidence in an effort to satisfy its burden of proof[.]" Id at 786 (emphasis added). Thus, although the court in Postell referred to the "mere possession of paraphernalia," it was in fact declaring that the mere constructive possession of paraphernalia is not, by itself, enough to support a conviction for possession of cocaine. This interpretation of Postell is supported by the only case to date which has followed, rather than distinguished, Postell. See State v. Magee, 98-1325 (La.App. 4 Cir. 12/15/99), 749 So.2d 874. In Magee, the Fourth Circuit was presented with facts nearly identical to those in Postell. Because of this, the Magee court decided to follow Postell, and in the process distinguished Spates, supra. In its reasons, the court stated that "[i]n Spates, the Court noted that, ..., there was no failure to physically connect Spates with the cocaine because the cocaine was seized directly from the defendant's person[.] However, in the case sub judice, the residue-containing pipe was not found on the defendant's person; it was found on the ground." Magee, 749 So.2d at 878.
Considering that constructive possession is a legal fiction, rather than a tangible fact, the additional corroborative element required by the Postell and Magee courts may be correct. However, we need not make this determination because these facts are not before us. The defendant herein was in physical possession of the crack pipe when it was discovered by the officers, and, as such, Postell is inapplicable to this case.
In this case, the defendant was found to be in physical possession of a *364 crack pipe known as a "straight shooter" which contained cocaine residue. As we have seen, physical possession of an instrument with no utility other than the ingestion of crack cocaine is one of several types of corroborating evidence which is sufficient to support the inference that the defendant knowingly possessed the cocaine. Although such evidence is, in itself, sufficient to support the conviction of the defendant herein, the defendant's intent to possess the cocaine is further corroborated by the fact that he was in possession of a lighter, but no cigarettes were found on his person. The significance of this fact is underscored by Officer Burns' testimony that "a lighter is used to heat up the pipe to burn the cocaine and inhale." In addition, both officers testified that the pipe was burned at both ends. It is obvious that the instrument had been used for its intended purpose at some time in the past and had not been cleaned, thereby increasing the probability of cocaine residue being found in the pipe and making this probability significantly more obvious to the possessor of the pipe.
Unlawful possession of cocaine is a general intent crime. La. R.S. 40:966(C); La. R.S. 14:11; State v. Banks, 307 So.2d 594 (La.1975). General criminal intent is present "when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." La. R.S. 14:10(2) (emphasis added). It was entirely reasonable for a jury to conclude that by the defendant's possessing an obviously used pipe he must have realized, in the ordinary course of human experience, that it was also reasonably certain that he was possessing the residue contained in that pipe and, therefore, possessing the cocaine.[1] Thus, viewing the evidence presented in a light most favorable to the prosecution, we find that the defendant's possession of an obviously used instrument with no utility other than the ingestion of cocaine satisfies the State's burden of proving the defendant had the requisite general intent to support a conviction for possession of cocaine.

DECREE
Accordingly, for the foregoing reasons, we affirm the judgment of the court of appeal.
AFFIRMED.
JOHNSON and KIMBALL, JJ., dissent.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, dissents and assigns reasons.
In this case, the defendant and another man were inebriated and fighting on the street when the police approached them to stop the disturbance. In a pat-down search, the officers retrieved a "crack pipe" from the defendant and arrested him for possession of drug paraphernalia. Neither the officers nor the laboratory technician who later tested the object could see *365 any cocaine or cocaine residue in or on the object. It was not until the laboratory technician rinsed the seized object out with a solvent that chemicals which make up cocaine were detected in the rinsing solution. In my view of such evidence, there can be no rational basis for finding this defendant guilty of knowingly and intentionally possessing a controlled dangerous substance of which only chemical traces were later detected after laboratory testing.
Therefore, the issue presented in this case is whether a chemical trace amount of cocaine imperceptible to the naked eye and rinsed out of a "crack pipe" seized from the defendant's person is sufficient to show that the defendant knowingly or intentionally possessed cocaine. Given that the legislature has enacted separate statutes prohibiting the possession of drug paraphernalia and prohibiting the knowing and intentional possession of cocaine, I do not believe that the legislature intended the latter statute to encompass the possession of an ostensibly used, but empty, "crack pipe" from which invisible, chemical traces of a dangerous substance may be rinsed with a solvent. The jury's compromise verdict of guilty of attempted possession of cocaine suggests that those citizens, too, believed that a trace amount of cocaine detectable only through chemical testing cannot support a conviction for the knowing and intentional possession of cocaine.
Even if I were to agree with the majority's holding that corroborating evidence may be used to prove guilty knowledge in a residue case in which the defendant is found to be in possession of drug paraphernalia that is later determined by chemical testing to contain invisible trace amounts of a controlled dangerous substance, ante, p. 361, I disagree with the majority's conclusion that the evidence actually introduced by the State in this case was sufficient to prove beyond a reasonable doubt that the defendant knowingly and intentionally possessed cocaine, as required by La.Rev.Stat. 40:967(C). In my view, because insufficient circumstantial evidence was introduced to establish that the defendant knew the pipe actually contained any cocaine, residue or otherwise, the State failed to prove the defendant possessed the requisite knowledge or intent to support conviction of the charged offense.
In reviewing the sufficiency of the evidence, the court must determine that the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all the elements of the crime have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). To support a conviction for possession of a controlled dangerous substance, the State must prove the defendant was in possession of an illegal substance and that he knowingly or intentionally possessed the substance. La.Rev. Stat. 40:967(C). "Guilty knowledge" is an essential element of the offense of possession of a controlled dangerous substance. State v. Goiner, 410 So.2d 1085 (La.1982).
The majority holds that a conviction for possessing an illicit substance may rest on trace or residue amounts, but only in conjunction with other facts and circumstances from which a rational juror, viewing the evidence as a whole and in the light most favorable to the prosecution, might find beyond a reasonable doubt an intentional or knowing possession of a controlled dangerous substance. The majority relies primarily on State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991). In Spates, the court of appeal found possession of a "straight shooter" pipe containing *366 cocaine residue was sufficient evidence of guilty knowledge, because the police testified that the instrument had no purpose other than facilitating the ingestion of crack cocaine. Spates, 588 So.2d at 401.
The majority, in attempting to apply Spates to this case, strains vainly to find evidence of guilty knowledge in the trial record. The trial transcript reveals that the police came upon the defendant involved in a contretemps with another man, and both men exhibited signs of intoxication. In a search incident to the defendant's arrest for public intoxication, the officers found a metal "crack pipe" in the defendant's rear pocket. Neither of the arresting officers testified that the defendant attempted to flee when they approached or that the defendant attempted to conceal the pipe in any way. Nor did the defendant make any exculpatory statements. Furthermore, the State's own expert in the identification and analysis of controlled dangerous substances testified that, when he received the pipe, he could not upon a visual inspection see any residue on the tube or inside the pipe. Although the court of appeal reasoned that the defendant's failure to react in any way was perhaps more indicative of his inebriation than a lack of anxiety, the fact remains that the circumstantial evidence introduced by the State does not rule out a reasonable hypothesis of innocence that the defendant did not react because he in fact had no knowledge that the pipe contained cocaine residue.
Additionally, even though the State's witnesses described how the pipe might be used to inhale crack cocaine, there was no testimony, as there was in Spates, that the drug paraphernalia seized from the defendant had no function except for the ingestion of cocaine. The majority, ante, p. 363-64, calls the item seized from the defendant a "straight shooter;" however, no witness testified as such at trial, nor did any witness testify that the object had no other function but to facilitate the ingestion of crack cocaine. And, while the majority makes much of the fact that a cigarette lighter was found on the defendant's person, the arresting officer conceded that a lighter could be used for purposes other than to heat cocaine in a pipe. Finally, the mere fact that the pipe had previously been used does not support a finding that this defendant knew that the pipe contained a chemical trace of cocaine at the time of his arrest and that he intentionally possessed such a trace amount. If I pour out my bucket of sand at the beach, thump the bottom a couple of times, and then walk back to my car thinking I had disposed of all my sand, how can I be said to have knowingly and intentionally possessed the one speck of sand dust that stuck to the side of my empty bucket? Without more incriminating evidence, the fact that I was carrying a bucket I had taken to the beach and had used to hold sand does not support the inference that later I knowingly and intentionally possessed a sand particle that I thought I had disposed of at the beach. This remains so even if I were carrying a shovel in my other hand.
Because the defendant in the instant case displayed no overt acts indicating guilty knowledge, because no residue was visible to the eye of even a trained laboratory scientist, and because no witness testified that the item seized from the defendant's person had no purpose other than to facilitate the ingestion of crack cocaine, no circumstantial evidence was introduced by the State to establish that the defendant knowingly and intentionally possessed a controlled dangerous substance at the time of his arrest. Accordingly, in my view, the defendant's conviction is not supported by sufficient evidence under the standard articulated in Jackson v. Virginia, *367 and, therefore, the conviction and sentence should be reversed.
In sum, I disagree with the majority's view that possession of a used crack pipe from which invisible, chemical traces of cocaine may be rinsed via a solvent is sufficient to support a conviction for the knowing and intentional possession of cocaine at the time the defendant was arrested. Moreover, even if I were to agree that circumstantial evidence may supply the required element of guilty knowledge, I do not believe the State has sufficiently introduced such evidence in the instant case. Consequently, I respectfully dissent.
NOTES
[1] It is important to note that the defendant herein was convicted, not of possession of cocaine, but rather of the lesser included offense of attempted possession of cocaine, a specific intent crime. La. R.S. 14:27(A). However, a finding of specific intent in this case is unnecessary. If an offense is statutorily designated as a responsive verdict, the defendant must timely object to an instruction of that verdict on the basis that it cannot be supported by the evidence. State ex. rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982). If he does not so object, the reviewing court may affirm the conviction if the evidence would have supported the greater offense, regardless of whether the evidence supports a conviction for the statutory responsive verdict returned by the jury. Id.