J_jLEON A. CANNIZZARO, JR., Judge.
This case is being considered on remand from the Supreme Court of the State of Louisiana. For the reasons set forth below, this Court grants the writ sought by the State of Louisiana and reverses the trial court’s decision granting the defendant, Mr. Edward Craig, a new trial.
*54 STATEMENT OF FACTS AND PROCEDURAL HISTORY
Mr. Craig and his codefendant, Steven Atlow, were charged by a bill of information with the unlawful possession of heroin. Mr. Atlow pled guilty as charged, and Mr. Craig was tried by a twelve person jury and found guilty of attempted possession of heroin.
There was testimony at trial that New Orleans Police Department (“NOPD”) Detective Kyle Hinriehs and NOPD Detective Ryan Lubrano were assisting NOPD Detective Robert Ferrier in conducting surveillance for narcotics near Martin Luther King Boulevard in New Orleans, Louisiana. Detectives Hinriehs and Lubrano were sitting in a parked, unmarked police vehicle when they observed Mr. Atlow run across the neutral ground near the rear stairwell of 2501 Martin LLuther King Boulevard. The detectives then observed Mr. Atlow meet on the second floor landing of the stairwell with an unknown male, engage in a brief conversation with that person, and give that person what appeared to be currency. Mr. Atlow then ran back in the direction from which he had come and entered a vehicle on the front passenger side. There were three other occupants already in the vehicle when Mr. Atlow entered it.
Detectives Hinriehs and Lubrano believed that they had just observed a drug transaction, and they elected to make an investigatory stop of the vehicle that Mr. Atlow entered. During the stop, the detectives observed Mr. Atlow put an object into his mouth, at which point all of the occupants of the vehicle were asked to exit the vehicle for the safety of the police officers. When the detectives discovered that Mr. Atlow had placed a foil packet containing heroin in his mouth, he was placed under arrest.
After Mr. Atlow was arrested, Detectives Hinriehs and Lubrano conducted a patdown search of the other three occupants of the vehicle to insure the safety of the police officers as well as the safety of the occupants of the vehicle. During the patdown of Mr. Craig, Detective Hinriehs felt the outline of two hypodermic needles. Upon inspection of the needles, Detective Hinriehs observed that they contained a liquid residue that appeared to be heroin. Mr. Craig was advised of his Miranda rights and placed under arrest at this point.
NOPD Officer Harry O’Neal, an expert in the identification and analysis of controlled dangerous substances, testified at the trial that on the day after the | ¡¡needles were confiscated from Mr. Craig, they were chemically tested for heroin. Although Officer O’Neal testified that he could not see evidence of a residue in the needles when he prepared them for testing, the test report prepared in accordance with NOPD narcotics testing procedures showed that both hypodermic needles possessed by Mr. Craig at the time of his arrest tested positive for heroin.
After Mr. Craig’s conviction, he filed a motion for a new trial based on the alleged insufficiency of the evidence used to convict him and in the interests of justice. After a hearing on the motion for a new trial, the trial court judge granted the motion. When the trial court granted Mr. Craig’s motion for a new trial, the State orally noticed its intention to apply to this Court for writs. The State’s writ application was filed with this Court. That writ was denied by this Court. The State applied for a writ with the Supreme Court. The Supreme Court granted the State’s writ and remanded the case back to this Court for reconsideration of this Court’s denial of the State’s writ in light of State v. Sylvia, 2001-1406 (La.4/9/03), 845 So.2d *55 358, which was decided after this Court denied the State’s writ application.
DISCUSSION

State v. Sylvia

In Sylvia two people were arrested for public intoxication. During a search incident to the arrest, one of the arresting officers found a short metal tube with a piece of wire mesh inside of it located in the defendant’s rear pants pocket. The tube was burned at both ends. The arresting officer immediately recognized the tube as a crack pipe, a device commonly used to smoke crack cocaine. During the search incident to the arrest, a cigarette lighter was found in the defendant’s coat 14pocket, but no cigarettes were found on the defendant. The arresting officer seized the crack pipe and the cigarette lighter, and he charged the defendant with possession of drug paraphernalia. When the crack pipe was tested for illegal drugs, a residue of cocaine was found to be present.
The defendant was tried by a jury of six persons and found guilty of the lesser and included offense of attempted possession of cocaine. The defendant was adjudicated a habitual offender and sentenced to five years imprisonment at hard labor. In an unpublished opinion, this Court affirmed the defendant’s conviction. The Supreme Court subsequently granted writs.
In Sylvia the Supreme Court stated that “[t]o support a conviction for possession of cocaine, the State must present evidence establishing beyond a reasonable doubt that the defendant was in possession of the drug and that he knowingly and intentionally possessed it.” 2001-1406, p. 3 (La.4/9/03), 845 So.2d at 361. The Supreme Court further stated that “[gjuilty knowledge is an essential element of the crime of possession of cocaine.” Id. (citing State v. Edwards, 354 So.2d 1322 (La.1978)). In Sylvia the Supreme Court made it clear that circumstantial evidence can be used to prove the necessary guilty knowledge. The Supreme Court stated that “[tjhe elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances.” 2001-1406, p. 3, 845 So.2d at 361.
The issue on appeal in the Sylvia case was “whether the defendant’s possession of drug paraphernalia containing trace amounts of cocaine is sufficient to prove beyond a reasonable doubt that defendant ‘knowingly’ possessed the cocaine, i.e., that defendant had the requisite ‘guilty knowledge’ to support a conviction for possession of cocaine.” Id. In Sylvia the Supreme Court discussed |Rthe factors from which guilty knowledge can be inferred when a defendant is found in possession of drug paraphernalia that contains drug residue. These factors include possession of multiple pieces of drug paraphernalia, evidence of recent use of drugs, taking flight or furtive behavior, and physical possession by the defendant of an instrument with no utility other than the ingestion of drugs. 2001-1406 (La.4/9/03) at p. 6, 845 So.2d 358. These factors apply when the defendant is found in actual physical possession of drug paraphernalia [1].
Application of Sylvia to the Instant Case
In the instant case Mr. Craig was in actual physical possession of the hypodermic needles that contained heroin resi *56 due. Although hypodermic needles clearly have uses other than the injection of illegal drugs, hypodermic needles used for legitimate medical purposes are maintained in a sterile state until used and then discarded. It is inconceivable that a used hypodermic needle found inside someone’s sock, as was the case with the needles found in the physical possession of Mr. Craig, would be used for any medical purpose.
Because no hypodermic needle used for a legitimate purpose would be used and then kept in a nonsterile environment, the used hypodermic needles Mr. Craig had hidden in his sock had no utility other than the injection of illegal drugs. The requisite “guilty knowledge” needed to support Mr. Craig’s conviction can be inferred from the possession of dirty needles containing heroin residue that were hidden in his socks. Additional corroboration of Mr. Craig’s intent can be inferred from his being present in a vehicle with Mr. Atlow, who hid a foil packet containing heroin in his mouth when stopped by the police. Based on the | ^circumstances surrounding Mr. Craig’s possession of the hypodermic needles, this Court finds that his conviction was supported by the evidence.
CONCLUSION
This Court grants the State’s writ application and vacates the judgment of the trial court granting a new trial to Mr. Craig. Additionally, Mr. Craig’s conviction for attempted possession of heroin is reinstated. This case is remanded to the trial court for further proceedings in accordance with this opinion.
JUDGMENT VACATED, CONVICTION REINSTATED, AND REMANDED

. The Supreme Court also distinguished the situation in Sylvia, where the defendant was in actual physical possession of drug paraphernalia, from cases where there was only constructive possession of drug paraphernalia.