STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1132

STATE OF LOUISIANA

VERSUS

SAMUEL GLENN TEAGUE

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 57293C
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

REVERSE AND VACATE THE CONVICTION OF MOLESTATION OF A JUVENILE, ENTER A JUDGMENT OF GUILTY TO INDECENT BEHAVIOR WITH A JUVENILE, AND REMAND FOR SENTENCING.

Charles Gregory Gravel
Gravel, Cespiva, & Wilkerson
P. O. Box 1792
Alexandria, LA 71309-1792
Telephone: (318) 487-4501
COUNSEL FOR:
    Defendant/Appellant - Samuel Glenn Teague

**Honorable Don M. Burkett**
**District Attorney**
**P. O. Box 1557**
**Many, LA 71449**
**Telephone:  (318) 256-6246**
**COUNSEL FOR:**
       **Plaintiff/Appellee - State of Louisiana**

**Elvin Clemence Fontenot, Jr.**
**110 East Texas Street**
**Leesville, LA 71446**
**Telephone:  (337) 239-2684**
**COUNSEL FOR:**
       **Defendant/Appellant - Samuel Glenn Teague**

**Samuel Glenn Teague**
**Sabine Detention Center**
**384 Detention Center Road**
**Many, LA 71449**

THIBODEAUX, Chief Judge.

The Defendant, Samuel Teague, appeals his conviction for molestation of a juvenile for which he was sentenced to twenty years at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court denied his motion for post verdict judgment of acquittal.

The Defendant implores us to find reversible error in the trial court's denial of his motion for post verdict judgment of acquittal and in the introduction of a pre-parole investigation report to show other sex acts or crimes.

We reverse the conviction for molestation of a juvenile and find the Defendant, Samuel Teague, guilty of indecent behavior with a juvenile. We remand for the entry of a judgment of guilty to indecent behavior with a juvenile and for appropriate sentencing. The evidence is insufficient to demonstrate the use of force, violence, duress, menace, psychological intimidation, or threat of great bodily harm. Further, the record is devoid of evidence of control or supervision by the Defendant over the minor victim.

## FACTS

J.R. and his brother J.M.R. met the Defendant and Joe Remedies, J.R.'s catechism teacher and J.M.R.'s fifth grade teacher, at the Tamale Festival.[1] The Defendant and Mr. Remedies bought ride tickets for the two boys and paid for various games. A friendship developed thereafter. On one occasion Mr. Remedies picked the boys up for Easter dinner. The three were met by the Defendant at a convenience store, and he drove them to Fisherman's Galley, where they ate dinner.

_____

[1] In accordance with La.R.S. 46:1844(W), the initials of the victim and those of his family members will be used herein.

1

J.R. alleged the Defendant improperly touched him in the genital area while he was riding in the Defendant's truck.

### *Motion for Post Verdict Judgment of Acquittal*

Louisiana Code of Criminal Procedure Article 821(B) states that a motion for post verdict judgment of acquittal "shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." Regarding Defendant's claim that the evidence was insufficient, this court has explained the analysis as follows:

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Sylvia*, 01-1406, p. 2 (La. 4/9/03), 845 So.2d 358, 361; *State v. Captville*, 448 So.2d 676, 678 (La.1984). Therefore, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proved beyond a reasonable doubt. *Sylvia*, 01-1406 at p. 2-3, 845 So.2d at 361; *Captville*, 448 So.2d at 678. The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony; thus, a reviewing court may impinge on the "fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law." *Sylvia*, 01-1406 at p. 2-3, 845 So.2d at 361 (citing *State v. Mussall*, 523 So.2d 1305, 1310 (La.1988)).

*State v. Johnson*, 03-1228, pp. 4-5 (La. 4/14/04), 870 So.2d 995, 998.

The Defendant was convicted of molestation of a juvenile, a violation of La.R.S. 14:81.2.

> To convict a defendant of molestation of a juvenile, the state must prove: (1) the defendant is a person over the age of 17; (2) the victim is a person under the age of 17; (3) there is an age difference of at least two years between the persons; (4) the defendant committed a lewd or lascivious act upon the person or in the presence of the victim; (5) the

2

defendant committed such act with the intention of arousing or gratifying the sexual desires of either the defendant or the victim; and (6) the defendant committed the act either by the use of (a) force, violence, duress, menace, psychological intimidation, or threat of great bodily harm, or (b) influence by virtue of a position of control or supervision over the victim. (Citations omitted).

*State v. Bey*, 03-277, pp. 2-3 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268, 1271 (quoting *State v. Mickens*, 31,737, p. 3 (La.App. 2 Cir. 3/31/99), 731 So.2d 463, 466, *writ denied*, 99-1078 (La. 9/24/99), 747 So.2d 1118).

J.R. alleged that while riding in the Defendant's truck, the Defendant touched his penis, through his clothing, three or four times. The Defendant did not testify in this matter and J.R.'s brother, J.M.R., did not see this occur.

There is some question as to what day the touching occurred. J.R. testified that the touching occurred in the Defendant's truck on the way to Fisherman's Galley, and J.M.R. testified that the Defendant drove his car the day they went to Fisherman's Galley. However, both boys agreed that they rode in the Defendant's truck the day they helped clean the yard of Mr. Remedies' father.

## *Age*

The Defendant contends the trial transcript contains no evidence that proves he was over the age of seventeen at the time of the offense. We agree that no direct evidence regarding the Defendant's age was presented at trial. However, "[t]here is . . . no requirement that the proof of age be established by direct evidence." *State v. Zihlavsky*, 505 So.2d 761, 764-65 (La.App. 2 Cir.), *writ denied*, 511 So.2d 1152 (La.1987) (quoting *Barnett v. State*, 488 So.2d 24 (Ala. Crim. App. 1986)).

> [J]ury observation and circumstantial evidence can be used to infer the age of a defendant when no direct evidence of defendant's age is presented. *State v. Day*, 98-964 (La.App. 5 Cir. 3/10/99), 735 So.2d 56, 59; *State v. Zihlavsky*, 505 So.2d 761 (La.App. 2 Cir.1987); [*State v.*]

3

> *Shelton*, [545 So.2d 1285 (La.App. 2 Cir. 1989)] *supra*;
> *State v. Guidry*, 95-897 (La.App. 3 Cir. 3/1/95), 651 So.2d
> 458.

*State v. Noil*, 01-521, p. 24 (La.App. 5 Cir. 12/26/01), 807 So.2d 295, 313, *writ denied*, 02-0276 (La. 10/25/02), 827 So.2d 1177. The circumstantial evidence presented "need not be, in and of itself, conclusive of the defendant's age." *Zihlavsky*, 505 So.2d at 765 (quoting *Barnett*, 488 So.2d 24).

The court in *Zihlavsky*, 505 So.2d 761, emphasized that the defendant was referred to as a "man" by witnesses in determining whether the state proved the defendant was over the age of seventeen. The court concluded that the term "man" reflected an opinion regarding the maturity of the person it described. The court stated that it placed minimal weight on that factor and noted that in some cases reference to a defendant as a "man" had been viewed as circumstantial evidence that the defendant was older than eighteen. The court additionally considered the fact that the defendant was tried as an adult. In *State v. Zeringue*, 03-697 (La.App. 5 Cir. 11/25/03), 862 So.2d 186, *writ denied*, 03-3523 (La. 4/23/04), 870 So.2d 298, when considering whether the state proved the defendant's age, the court noted that the trial court could have inferred that the defendant had been previously charged and sentenced as an adult, indicating that the IMPACT program was not available to juvenile offenders and the fact that defense counsel did not object when the defendant was questioned about his criminal record. The court also noted that the defendant was tried as an adult without objection. *See also Noil*, 807 So.2d 295.

The Defendant was present during the course of trial; therefore, the judge had an opportunity to view him. DeWayne Spillman testified that he was the Defendant's parole officer at one time and as a condition of his parole, the Defendant was to have no contact with anyone under the age of eighteen. Additionally, Mr.

4

Spillman was asked the following question by the State: "For instance, if he were with another male adult and go pick up nine, ten, eleven-year-old children and carry them to eat, would that be a violation?" The Defendant was repeatedly referred to as a "man," "Mr. Teague," and "Mr. Sam" throughout the course of trial. Also, the Defendant was tried as an adult and not as a juvenile.

This evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that the State proved beyond a reasonable doubt that the Defendant was over the age of seventeen.

The State contends the Defendant's date of birth was contained in the pre-parole investigation report submitted into evidence. The report was submitted at a hearing that was held *prior* to the calling of the first witness at trial, and the report was never referenced nor discussed by anyone during the course of trial. Additionally, the report does not contain the Defendant's date of birth.

### *Lewd or Lascivious Act*

The Defendant argues that the State failed to prove he committed a lewd and lascivious act upon J.R. The Defendant points outs that the only testimony to be considered is that of J.R. and J.M.R. The Defendant notes that J.M.R. testified that he did not see the Defendant touch J.R. and did not hear his protests. The Defendant then argues that it is inconceivable that the evidence would support J.R.'s testimony.

Testimony by J.R. indicates that J.R., J.M.R., the Defendant, and Joe Remedies rode in the front of the Defendant's small standard truck. J.R. agreed that while in the Defendant's truck, he and his brother were almost on top of each other and the two of them would have been sitting in front of the gear shift. J.R. further testified that when the Defendant "shifted back," the Defendant touched him. J.R. described the Defendant's actions as follows: "whenever he'd shift back, he left it

5

there and he grabbed me." J.R. indicated that the Defendant's actions were not accidental. During a videotaped interview conducted by police on August 24, 2003, J.R. told police that he sat in the Defendant's truck with one leg on each side of the shift and the Defendant touched his penis, with his fingers, through his clothes three to four times and the Defendant tried to play with his penis. J.R. also indicated the Defendant laughed when he did this.

Despite being in such close quarters, J.M.R. testified that he never saw the Defendant touch his brother's private area. However, J.M.R. testified that he did not look to see what the Defendant was doing to his brother. J.M.R. indicated he was watching the highway.

In *State v. Interiano*, 03-1760 (La. 2/13/04), 868 So.2d 9, the supreme court discussed the meaning of lewd and lascivious as follows:

> In [*State v.*] *Holstead*, [354 So.2d 493, 497-98 (La.1977)] this court reaffirmed its prior jurisprudence that the statute provides fair notice that the defendant "is charged with having done an act upon the person of a juvenile which is lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner." 354 So.2d at 498 (internal quotation marks and citation omitted). Further, as the Reporter's Comment to La.R.S. 14:81(A) observes, the state encompasses not only the physical touching of the victim in an indecent manner, but also "indecent sexual displays in the presence of children under the age of seventeen."

*Id*. at 15.

In *State v. Stec*, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, the victim was playing in front of his apartment complex when the defendant called the boy over, then put his arm around the boy and began to fondle the victim's genitalia. The court concluded that the evidence of the touching was sufficient to support a finding of lewd and lascivious conduct by a rational trier of fact. Based on *Stec*, the

6

actions of the Defendant in this case were sufficient to constitute lewd and lascivious behavior.

After hearing the evidence, the trial judge made the following comments regarding the Defendant's guilt:

> But in any event, I'm going to find your client guilty of molestation of a juvenile regarding the other count. I believed [J.R.] He may have been confused as to whether or not they were headed to Fisherman's Galley or somewhere else but I believed him. And in my opinion he was an extremely creditable (sic) witness and he was being truthful.

The trial court made a credibility determination in this matter and chose to believe that J.R.'s testimony was truthful despite J.M.R.'s failure to see any incriminating conduct. It is the role of the fact finder to weigh credibility of witnesses and that credibility determination should not be second guessed by this court. *State v. Schexnaider*, 03-144, p. 6 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, 455, (citing *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27).

### *Use of Force, Violence, Duress, Menace, Psychological Intimidation, or Threat of Great Bodily Harm*

Finally, the Defendant argues that the State failed to prove he committed this lewd and lascivious act by use of force, violence, duress, menace, psychological intimidation, or threat of great bodily harm. He contends that the record does not reveal any evidence to support this element of the offense. We agree.

A review of the transcript reveals no evidence of force, violence, duress, menace, psychological intimidation, or threat of great bodily harm. The evidence reveals that the Defendant simply touched J.R. while J.R. was riding in the Defendant's truck and the use of force element requires more than a mere touching.

7

A genuine construction of La.R.S. 14:81.2 as part of the overall criminal law pertaining to lewd acts with juveniles therefore leads to the conclusion that the Legislature contemplated a requirement of something more than the mere exertion of physical effort necessary to commit the lewd act. Properly construed, the "use of force" element refers to the forcible means of overcoming the will or the resistance of the victim, and this additional essential element requires a use of force in addition to any mere touching or minimum effort exerted in performing the lewd act. This added element of force must be substantially greater than or substantially different from the force which is necessary to commit the less serious offense of indecent behavior with a juvenile. See *People v. Cicero*, 157 Cal.App.3d 465, 204 Cal.Rptr. 582 (Ct.App.1984).

*State v. Leblanc*, 506 So.2d 1197, 1200 (La.1987).

Based on *Leblanc*, the Defendant's mere act of touching J.R.'s penis is not sufficient to support the use of force element required to support a conviction of molestation of a juvenile. There was no testimony regarding the additional means of supporting this element of the offense.

Although the bill of information does not include the language "by the use of influence by virtue of a position of control or supervision over the juvenile," the State argues that the facts of the case "fit squarely within that language." The State argues that on three separate occasions the Defendant sought out J.R. and J.M.R. while they were with Mr. Remedies. When the crime occurred, J.R. was in the Defendant's truck along with the Defendant, Mr. Remedies, and J.M.R. and was unable to get out of the vehicle as the group was traveling. Therefore, the Defendant was in a position of control over J.R. We disagree.

In *State v. Onstead*, 03-1413 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, the court noted that "[a]lthough the usual scenario may be that the offender is related to the victim or lives in the home, the statute does not mandate these circumstances." *Id*. at 913 (footnote omitted). Onstead testified that he asked the victim's mother for

8

permission to have her children at his home. He indicated he had rules for the children to follow and performed caretaking functions for the victim while she was at his home. With the mother's permission, Onstead took the victim on errands, picked her up from school, and brought her to gymnastics, and he bought her toys, clothes, and other gifts. Based on this testimony, the court concluded that Onstead used influence by virtue of a position of control or supervision over the victim.

In *State v. Forbes*, 97-1839 (La.App. 1 Cir. 6/29/98), 716 So.2d 424, the victim testified that while she was at her grandmother's home, the defendant touched her breasts and above her vaginal area. The defendant was a friend of a man who lived in the home of the victim's grandmother. When asked, the victim indicated the defendant had not baby-sat her and could not tell her what to do. Additionally, the grandmother testified that the defendant did not take care of the victim or have control or supervision over her. Based on this testimony, the court concluded the defendant did not have control or supervision over the victim.

There is no evidence in the record indicating the Defendant had control or supervision over J.R. Neither J.R. nor J.M.R. testified that the Defendant had permission to be near them, that he had rules for them to follow, that he performed any caretaking functions, or was the only adult present, thus requiring the Defendant to supervise them. The State failed to prove the Defendant had control or supervision over J.R. Accordingly, all elements necessary to support the Defendant's conviction of molestation of a juvenile were not proven by the State.

Pursuant to La.Code Crim.P. art. 821(C), an appellate court that finds "the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense . . . may modify the verdict and render a judgment of conviction on the lesser included responsive offense." As noted

9

by this court in *State v. Busby*, 94-1354 (La.App. 3 Cir. 4/5/95), 653 So.2d 140, *writ denied*, 95-1157 (La. 9/29/95), 660 So.2d 854, indecent behavior with a juvenile is a responsive verdict to molestation of a juvenile.

Louisiana Revised Statutes 14:81(A) defines indecent behavior with a juvenile as "the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person."

As previously discussed, the Defendant's act of touching J.R.'s penis through his clothing constituted a lewd and lascivious act. The touching was an act upon the person of J.R. Additionally, J.R. testified that he was eleven years old at the time of trial, and, based on our prior discussion of the Defendant's age, the Defendant was more than two years older than J.R.

In addition to the above elements, the State must also prove the Defendant had the specific intent to arouse or gratify his sexual desires or those of the victim. *State v. Hillman*, 613 So.2d 1053 (La.App. 3 Cir. 1993), *cert. denied*, 617 So.2d 1181 (La.1993).

During his taped interview, J.R. told police the defendant used his fingers and tried to play with his penis three to four times and that while this occurred, the Defendant laughed. Based on the Defendant's actions of touching J.R. more than once and using his fingers in an attempt to play with J.R.'s penis, one could infer that the Defendant had the specific intent to arouse or gratify his sexual desires or those of J.R.

The evidence, when viewed in a light most favorable to the prosecution, proves all elements of indecent behavior with a juvenile beyond a reasonable doubt.

10

Accordingly, this court vacates the Defendant's conviction and sentence, renders a judgment of guilty of indecent behavior with a juvenile, and remands the matter for sentencing in accordance with this court's opinion.

### *Pre-Parole Investigation Report*

The Defendant contends the trial court committed error in allowing the State to introduce a pre-parole investigation report previously prepared to show other sex acts or crimes. The Defendant specifically argues that the issue is whether the probative value of the report substantially outweighed the danger of unfair prejudice. The Defendant argues that since a bench trial was held, there is no way to assess the effect the report had on the trial court. Additionally, the information contained in the report was not offered as evidence to show system, motive, and intent.

The report at issue was introduced at a hearing held on the day of trial, but prior to the calling of the first witness. The report was not introduced as evidence during the actual trial and none of the witnesses testified regarding the contents of the report. However, Mr. Spillman did testify that he was the Defendant's parole officer at one time and, as a condition of his parole, the Defendant was to have no contact with anyone under the age of eighteen. Mr. Spillman did not, however, indicate for what offense the Defendant was placed on parole. Accordingly, no evidence of other sex acts or crimes was admitted during the course of trial. Moreover, the trial court's comments at the time it found the Defendant guilty indicate it relied on the testimony of J.R. when finding the Defendant guilty. Accordingly, this assignment lacks merit.

11

## CONCLUSION

We vacate the Defendant's conviction and sentence, enter a judgment of guilty of indecent behavior with a juvenile, and remand the matter for sentencing in accordance with this court's opinion.

**REVERSE AND VACATE THE CONVICTION OF MOLESTATION OF A JUVENILE, ENTER A JUDGMENT OF GUILTY TO INDECENT BEHAVIOR WITH A JUVENILE, AND REMAND FOR SENTENCING.**